### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MILA LAWSIN FONNER        :
                                    : CIVIL ACTION
        Plaintiff        :
                                      :
     vs.                   :
                                      : NO. 14-CV-3738
TRAVELERS HOME & MARINE    :
INSURANCE COMPANY, ET. AL.   :
                                      :
        Defendants      :

### MEMORANDUM AND ORDER

**JOYNER, J.**                                        **October 14, 2014**

     This civil matter is presently before the Court on Motions of Defendants Travelers Home & Marine Insurance Company ("Travelers"), Christopher Ryan and ICS Merrill to Dismiss Plaintiff's Complaint.[1]  For the reasons which follow, the Motions shall be granted and the complaint dismissed.

### Case History

     The present action is the latest reincarnation of a claim first filed by Plaintiff, Mila Lawsin Fonner in the summer of 2011 as the result of a rear-end motor vehicle collision that occurred on February 5, 2011.  As a result of that accident, Ms. Fonner sustained injuries to her back and neck which prevented her from working and which caused her to file a claim for wage

---

[1]  In so far as this action was removed to this Court from the Court of Common Pleas of Philadelphia County before Moving Defendants' preliminary objections were adjudicated, we do so now, albeit utilizing the principles applicable to motions seeking dismissal under Fed. R. Civ. P. 12(b).

loss benefits with her automobile insurance carrier, Defendant
Travelers.  (Pl's Compl., pp. 1-2).  Although Travelers paid
Plaintiff's wage loss benefits for several months, in June, 2011,
it subjected her to an independent medical examination with a
doctor of its choosing.  Plaintiff was examined by this
physician, Dr. Amy Fitzsimmons, on June 10, 2011, who indicated
that Plaintiff had

> "a chronic condition of the cervical and lumbar spine with a
> myofasciitis that is long-standing. ... With regard to her
> work condition, I think it has been demonstrated that she
> has been out of work from injury more than she has worked
> over the last three years.  Because of that, I think her
> prognosis to be successful in returning to work is extremely
> guarded.  I do not think she should be doing a job with any
> kind of lifting, but I do not believe that is related to the
> motor vehicle accident which occurred on 02/05/11.
> Therefore, I do not believe any treatment is needed for any
> injuries incurred from the motor vehicle accident that
> occurred on 02/05/11.  I do believe she is at the same work
> capacity level that she was just prior to this accident."

(Pl's Compl., Exhibit "B," Report of Amy Fitzsimmons, M.D., dated
June 10, 2011).  Plaintiff alleges that immediately after
Travelers received this report, it called her to go for a second
IME, which Plaintiff refused.  (Pl's Compl., p.3).  Travelers
stopped paying her wage loss benefits at that point and Plaintiff
commenced an action to recover those benefits before the local
District Justice Court in Richboro, Bucks County, Pennsylvania.

Apparently, Plaintiff prevailed before the District Justice
and was awarded a judgment in the amount of $7,641, from which
Travelers took an appeal to the Bucks County Court of Common

2

Pleas on January 9, 2012. (Pl's Compl., p. 3). In response to a
Rule having been issued to her directing her to file a complaint,
Plaintiff filed a Complaint in the Bucks County Common Pleas
Court. However, in June of 2012, Plaintiff filed an Amended
Complaint in that Court demanding judgment in the amount of $10
million against Travelers. Given that the amount in controversy
then satisfied the amount required to invoke federal
jurisdiction, Travelers removed the action to this Court, where
it was assigned to the undersigned at Civil Action No. 12-CV-
3839. Plaintiff then filed several motions seeking remand and/or
reconsideration of the propriety of the removal of her case on
the grounds that there was no diversity jurisdiction. Finding
the parties to be of appropriately diverse citizenship, we denied
Plaintiff's numerous requests to remand the matter. Eventually,
following Plaintiff's refusal to accept an offer by Travelers to
pay her the full wage loss policy limits available under the
policy, we granted Travelers' motion for summary judgment and the
matter was closed on August 22, 2013. Plaintiff did not appeal
from that decision.

Regrettably however, this did not end the matter.
Apparently undeterred, one day later on August 23, 2013,
Plaintiff merely filed a "Third Amended Complaint" in state court

in Bucks County,[2] this time against Travelers and her insurance agency, the Hinkle Agency.  In this pleading, Plaintiff recited at length the history of the proceedings in federal court as well as various allegations against Kami Hause, the insurance adjuster assigned to her claim, and Christopher Ryan and ICS Merrill, the private investigator and the agency for whom he is employed, both of whom were hired by Travelers to conduct surveillance of Plaintiff.[3]  Defendants sought dismissal of the Third Amended Complaint pursuant to Pa. R. C. P. 233.1.  This motion was granted by Judge Waite of the Bucks County Court of Common Pleas on December 18, 2013, who simultaneously directed that Plaintiff was "barred from pursuing any further litigation against Travelers Home & Marine Insurance Company, the Hinkle Agency, employees of Travelers or related defendants raising the same or related claims as those raised in her Third Amended Complaint and other pleadings filed thereto, all of which stem from a motor vehicle accident that occurred on February 5, 2011, and alleged injuries and damages therefore."  Judge Waite also ordered Plaintiff to pay a monetary sanction in the amount of $1.00 for failing to comply with the Pennsylvania Rules of Civil Procedure

---

[2]  Plaintiff evidently filed this "Third Amended Complaint" under the same docket number as the earlier Bucks County action which had been removed.

[3]  It should be noted that Plaintiff likewise made these allegations in the proceedings before the undersigned, although in the context of discovery motions and subpoenas.  Neither Hause, Ryan nor Merrill were ever parties to the suit.

and advised Plaintiff that "monetary sanctions will be imposed, upon application to this Court, on any future filing that fails to comply with the Pennsylvania Rules of Civil Procedure." (Exhibits 2, 13, 14 to Defendant Travelers' Preliminary Objections).[4]

Yet again, however, Plaintiff's claims rose like a Phoenix from the ashes of the Bucks County action.  On May 12, 2014, Ms. Lawsin-Fonner filed a Complaint in the Philadelphia County Court of Common Pleas against Travelers Home & Marine Insurance Company at both its principal place of business in Hartford, CT and at its local corporate address in Wyomissing, PA, the Hinkle Insurance Agency in Richboro, PA, Christopher Ryan, in Ridley Park, PA and ICS Merrill in Jacksonville, FL.  The Philadelphia County Complaint states, like its predecessors, that this action is to recover "equitable, monetary and other relief" under her Wage Loss Policy with Travelers for benefits due her as a result of the rear-end accident of February 5, 2011.  (Plaintiff's Complaint, No. 974 May Term 2014, p.2).  Remarkably, the Complaint then goes on to describe, in exacting detail, the history of Plaintiff's medical treatment and all of the prior proceedings before the Richboro District Justice, the Court of Common Pleas of Bucks County and the U.S. District Court for the

---

[4]    Apparently still unwilling to accept defeat, Plaintiff next filed, in Bucks County a "Motion to a Stay for five days from March 13, 2014 to March 18, 2014 while she prepares her Fourth Amended Complaint."  Needless to say, this motion was summarily denied by Judge Waite on March 14, 2014.

Eastern District of Pennsylvania.  (Complaint, pp. 3-5).
Plaintiff then goes on to explain how and why she "disagrees"
with the decisions of both the undersigned and Judge Waite, avers
that she has been unjustly discriminated against and recites the
"REASON[S] FOR THE TRANSFER OF CASE."  (Complaint, pp. 5-
7)(emphasis in original).

On June 13, 2014, the Philadelphia County action was again
removed to this Court by Travelers, which stated in its Notice of
Removal that this is the exact, same action which had been
previously litigated to conclusion at Case No. 12-3839, that it
is a Connecticut corporation with its principal place of business
in, and only in, Connecticut, that the Hinkle Agency was never
served and thus was not a party to the action, and that even
though Plaintiff included Christopher Ryan and ICS Merrill in the
caption of the case, the Complaint only purported to state one
cause of action against Travelers.  Plaintiff once again filed a
motion to remand which we denied in an Order dated July 29, 2014
on the grounds that diversity jurisdiction properly existed and
that it appeared that this matter was identical to Civil Action
No. 12-3839.  Because the identities between this action and the
preceding one is so clear, we saw no need to require the parties
to re-file their preliminary objections as Rule 12(b)(6) motions
- we now construe the objections filed in the state court as
motions to dismiss under the federal rules.

**<u>Standards Applicable to Motions to Dismiss</u>**

It is well established that in considering motions to dismiss under Fed. R. Civ. P. 12(b)(6), the district courts must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff.  <u>Great Western Mining & Mineral Co. v. Fox, Rothschild, LLP</u>, 615 F.3d 159, 161 n.1 (3d Cir. 2010); <u>Krantz v. Prudential Investments Fund Management</u>, 305 F.3d 140, 142 (3d Cir. 2002); <u>Hamilton v. Allen</u>, 396 F. Supp.2d 545, 548-549 (E.D. Pa. 2005) .  In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).  "It is therefore no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct."  <u>Umland v. Planco Financial Services, Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008)(quoting <u>Philips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Generally speaking, in accordance with Fed. R. Civ. P.

7

8(c)(1), "[in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: ... res judicata...[and] statute of limitations."  A district court may, however, grant a Rule 12(b)(6) motion on the basis of an affirmative defense if the predicate establishing the defense is apparent from the face of the complaint.  <u>Brody v. Hankin</u>, 145 Fed. Appx. 768, 771, 2005 U.S. App. 18778 (3d Cir. Aug. 29, 2005)(citing <u>Bethel v. Jendoco Const. Corp.</u>, 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978)); <u>Irish v. Ferguson</u>, 970 F. Supp. 2d 317, 353-354 (M.D. Pa. 2013)

## Discussion

*A.  Objections of Defendants Ryan and ICS Merrill*

At the outset we observe that although she has named Christopher Ryan and ICS Merrill as defendants in the caption of the complaint and alleges that Ryan and ICS, his employer, were hired by Travelers to conduct "illegal surveillance and stalkings of Plaintiff," Plaintiff demands damages only from Travelers. Additionally, while the complaint contains a myriad of rambling assertions against these defendants, as well as against other individuals not joined to the action, these averments are not organized in any coherent fashion or in paragraph form.

The pleading requirements of the Federal Rules of Civil Procedure are plain and clear and are substantively the same as those of the Pennsylvania Rules.  To be sure, under Fed. R. Civ.

8

P. 8(a),

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(d) requires, *inter alia* that a pleading be concise and direct and under Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." These pleading principles are essentially the same as those delineated in Pa. R. C. P. Nos. 1019 (governing contents of pleadings and general and specific averments), 1020 (addressing pleading more than one cause of action, alternative pleading and failure to join), 1021 (governing claims for relief and determination of amount in controversy), and 1022 (requiring every pleading to be divided into consecutively-numbered paragraphs). Given that Plaintiff's complaint fails to satisfy these minimal pleading requirements and does not appear to be seeking any relief from Defendants Ryan and/or ICS Merrill, we find that it is properly stricken and dismissed for failure to state a cause of action as against those defendants and to conform with the Rules of Civil Procedure. See generally, Fed. R. Civ. P. 12(f); Pa. R. C. P. 1028(a)(2).

*B. Res Judicata*

By its motion, Defendant Travelers likewise asserts that
Plaintiff's complaint is properly stricken for failure to conform
to the pleading requirements and contends that Plaintiff's claims
are barred under the principles of *res judicata*.  We agree and
shall strike the complaint as to Travelers for the same reasons
and for the same deficiencies as noted above as to Ryan and ICS.
Further, because we also conclude that this matter is indeed
barred by *res judicata*, we shall grant the motions to dismiss on
this basis as well.

Application of the doctrine of *res judicata*[5] is central to

---

[5]   Again, inasmuch as Defendants filed preliminary objections in the
Philadelphia County Court of Common Pleas, we first need to consider the
matter of whether to apply Pennsylvania state or federal law in assessing the
applicability of *res judicata*.  According to the Third Circuit, "the
preclusive effect of a judgment is determined by the preclusion law of the
issuing court" and "as a general rule, state law governs the preclusive
effects of a prior state court judgment on a subsequent diversity case."
Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 (3d Cir. 1999); Gregory
v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988); Charbonneau v. Chartis Property
Casualty Co., Civ. A. No. 13-4323, 2014 U.S. Dist. LEXIS 40763 at *13-*14
(E.D. Pa. March 26, 2014).  Because we issued the prior judgment under
consideration, we apply federal *res judicata* principles.  To the extent that
Judge Waite's rulings are also under consideration, we note that Plaintiff
clearly acted in contravention of both state and federal court procedures when
she merely re-filed a "Third Amended Complaint" in the Bucks County Court in
lieu of taking an appeal to the Third Circuit from our Order entering summary
judgment in defendant's favor on August 22, 2013.  In any event, Pennsylvania
law in this area is similar.  *Res judicata* under Pennsylvania law "holds that
a final judgment on the merits by a court of competent jurisdiction will bar
any future action on the same cause of action between the parties and their
privies."  Rearick v. Elderton State Bank, 2014 PA Super. 157, 97 A.3d 374,
(2014)(citing McArdle v. Tronetti, 426 Pa. Super. 607, 627 A.2d 1219, 1222
(1993)).  It is properly applied "where the following are present: (1)
identity of the thing sued upon or for; (2) identity of the cause of action;
(3) identity of persons or parties to the actions and (4) identity of the
quality or capacity of the parties suing or sued."  Id.  "All matters which
might have been raised and decided in the former suit, as well as those which
were actually raised therein, are *res judicata* in a subsequent proceeding
between the same parties and their privies."  Id.(quoting McArdle, supra, and
Nevling v. Commercial Credit Co., 156 Pa. Super. 31, 39 A.2d 266, 267 (1944)).

the purpose for which civil courts have been established - the conclusive resolution of disputes within their jurisdiction. Montana v. U.S., 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed.2d 210 (1979).  The term "*res judicata*" has been said to have both a broad and a narrow meaning.  Venuto v. Witco Corp., 117 F.3d 754, 758, n.5 (3d Cir. 1997).  In its narrow sense, it refers only to claim preclusion, but the preferred usage of the term is in the broader sense so as to encompass *both* claim *and* issue preclusion, which is otherwise known as collateral estoppel.  U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 173-174 (3d Cir. 2009); Venuto, supra.; E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990)(quoting Migra v. Warren City School District Board of Education, 465 U.S. 75, n.1, 104 S. Ct. 892, n.1, 79 L. Ed.2d 56 (1984)).

Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issue as the earlier suit.  New Hampshire v. Maine, 532 U.S. 742, 748, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001).  It applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding.  Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed.2d 767 (1979); Small v.

Potter, Civ. A. No. 01-3108, 2002 U.S. Dist. LEXIS 241 at *5
(E.D. Pa. Jan. 10, 2002).  Issue preclusion generally refers to
the effect of a prior judgment in foreclosing successive
litigation of an issue of fact or law actually litigated and
resolved in a valid court determination essential to the prior
judgment, whether or not the issue arises on the same or a
different claim.  New Hampshire, supra.

     "By precluding parties from contesting matters that they
have had a full and fair opportunity to litigate, these two
doctrines protect against the expense and vexation attending
multiple lawsuits, conserve judicial resources, and foster
reliance on judicial action by minimizing the possibility of
inconsistent decisions."  Taylor v. Sturgell, 553 U.S. 880, 892,
128 S. Ct. 2161, 2171, 171 L. Ed.2d 155 (2008)(quoting Montana v.
U.S., 440 U.S. at 153-154, 99 S. Ct. 970); Jasin v. Michael, Best
& Friedrich, LLP, Civ. A. No. 09-748, 2009 U. S. Dist. LEXIS
102553 at * 14 (E.D. Pa. Nov. 2, 2009); Mohammed v. May
Department Stores, Co., 273 F. Supp. 2d 531, 534 (D.Del. 2003).
Moreover, a party may not split a cause of action into separate
grounds of recovery and raise the separate grounds in successive
lawsuits - a party must raise in a single suit all the grounds of
recovery arising from a single transaction or series of
transactions that can be brought together.  Inofast
Manufacturing, Inc. v. Bardsley, 103 F. Supp. 2d 847, 849 (E. D.

12

Pa. 2000), *aff'd*, 265 F.3d 1055 (3d Cir. 2001)(citing Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619-620 (Fed. Cir. 1995) and Gregory v. Chehi, 843 F.2d 111, 117 (3d Cir. 1988)).

*Res judicata* bars re-litigation of a claim if: (1) there has been a final judgment on the merits in the prior suit; (2) the claims involve the same parties or their privies; and (3) the subsequent suit is based on the same cause of action as the prior suit. In re Montgomery Ward, LLC, 634 F.3d 732, 736-737 (3d Cir. 2011); African International Bank v. Epstein, 10 F.3d 168, 171 (3d Cir. 1993). In ascertaining whether the causes of action are the same, the following factors are appropriately considered: (1) whether the acts complained of and the demand for relief are the same, *i.e.*, whether the wrong for which redress is sought is the same in both actions; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same. Blunt v. Lower Merion School District, Nos. 11-4200, 11-4201, 11-4315, 2014 U.S. App. LEXIS 17629 at *64 (3d Cir. Sept. 14, 2014), M.R. v. Ridley School District, 744 F.3d 112, 120 (3d Cir. 2014), and Charbonneau, 2014 U.S. Dist. LEXIS at *14- *15 (all citing United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d

Cir. 1984).

In application of the foregoing, we find that the principles of *res judicata* are properly applied to bar the matter now before us. As noted above, the thirteen-page complaint recites the entire history of the preceding action before this Court and attaches copies of the pleadings and court orders issued in that action in both the Eastern District and the Bucks County Common Pleas Court, thereby incorporating them into the instant action. As is clear from the face of these pleadings, this matter is identical in all respects to the preceding case docketed as Civil Action No. 12-CV-3839: Plaintiff has sued the same party (Travelers), based upon the same set of facts (initial denial of wage loss benefits the need for which resulted from rear-end auto accident on February 5, 2011) for the same wrongs (denial of wage loss benefits followed by alleged damages caused by having been subject to surveillance) and seeks the same remedy, (money damages, albeit the demand for which has increased from $10 million to $20 million).  A final judgment on the merits was issued on August 22, 2013 when we entered summary judgment in favor of the defendant and that Order was never appealed. Although Plaintiff could have requested leave to amend her pleadings in that action to assert her alleged claims against Defendants Ryan and ICS Merrill, she never did so and thus they were never made parties to the preceding action.  Plaintiff's

14

theories of recovery, although not entirely clear in either case, likewise appear to be identical in that she seems to be trying to again plead causes of action for breach of contract and bad faith.  Accordingly, and in view of the alignment between the cases, we find that dismissal of this action is appropriate under the doctrine of res judicata.  Defendant's preliminary objections in the nature of a motion to dismiss and to strike are therefore granted in accordance with the attached order.